UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　　CAUSE NO. 3:23-CV-315-DRL-MGG

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. LaCroix is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaCroix is an inmate at Indiana State Prison. He alleges that on April 29, 2021, Officer Wheeler (first name unknown) came to his cell and told him to "cuff up," or submit to being handcuffed. Mr. LaCroix claims he was "assaulted and tortured" by

Indiana Department of Correction staff "on multiple occasions," and therefore refused to submit to handcuffs because he worried he might be "assaulted" again. He claims Officer Wheeler threatened to "shoot [him] with a 40mm round." Seven unnamed "police investigators" then allegedly arrived, who he suspected were there to "jump" him along with Officer Wheeler. He "backed up against the wall ready to defend [himself]," when Sergeant Wolford (first name unknown) allegedly "poked his head in" and "smirked" at Mr. LaCroix. In his words, "I went off." He claims one of the police investigators said to the others, "He is showing serious signs of abuse." He still refused to submit handcuffs for another 5-10 minutes, until Captain Dustin (first name unknown) arrived and assured him no one was going to hurt him. He was then escorted to another unit by Officer Wheeler and a non-party officer who were, in his words, "rough with me."

Based on this incident, he sues Warden Ron Neal, Captain Dustin, Sergeant Wolford, Officer Wheeler, and the seven unidentified "police investigators." He claims to suffer from anxiety, nightmares, depression, and other problems as a result of this incident and seeks $2 million in monetary damages, among other relief.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

2

Even giving him the inferences to which he is entitled, he has not alleged a plausible excessive force claim. The court finds some of his allegations in the realm of "fantastic" or "delusional," including the allegation that seven "police investigators" were in his cell. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). But even as he describes this incident, the officers were faced with a difficult situation involving an unruly and potentially dangerous inmate who refused to submit to handcuffs and had his back against the wall ready to "defend" himself. "Inmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).

Additionally, by his own account, no one used force against him. Instead, Captain Dustin was able to talk with him and gain his compliance. Although he states that Officer Wheeler was rough when escorting him to another area of the prison, he does not provide any details about what the officer did or what injuries, if any, he suffered as a result. The court cannot plausibly infer that any of the officers used force maliciously and sadistically to cause harm, rather than in a good-faith effort to restore order in the prison. *Hendrickson*, 589 F.3d at 890. Furthermore, the fact that one of the officers may have "smirked" at him during this incident does not give rise to a constitutional claim. *See Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019) ("not every psychological discomfort a prisoner endures amounts to a constitutional violation"); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment.").

He also sues Warden Ron Neal without mentioning him in the narrative section of the complaint. It appears he is trying to hold Warden Neal liable for damages solely because of his position, but this is not a viable basis for imposing liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). As outlined above, Mr. LaCroix has not plausibly alleged that his constitutional rights were violated by a subordinate officer. Even if he had, there is insufficient factual content from which the court could plausibly infer that Warden Neal knew about any unconstitutional conduct and condoned it, facilitated it, or approved of it.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 24, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

July 31, 2023                                     *s/ Damon R. Leichty*
                                                        Judge, United States District Court