UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

Plaintiff,

v.

CAUSE NO. 3:23-CV-315-DRL-MGG

RON NEAL *et al.*,

Defendants.

OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 11.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. LaCroix is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court concluded that Mr. LaCroix's original complaint was subject to dismissal under 28 U.S.C. § 1915A, but afforded him an opportunity to file an amended complaint before dismissing the case. (ECF 9.) He responded with the present filing.

Mr. LaCroix alleges that on April 29, 2021, Lieutenant Wolford and Officer Wheeler (first name unknown) were attempting to move him to another cell at Indiana State Prison. It can be discerned from his allegations that he was not cooperating. He claims he had been "assaulted by staff and inmates" on prior occasions and thus "put his back against the wall to defend his safety" when the officers tried to move him. He claims Lieutenant Woolford threatened to "shoot" him, but nothing happened and the two officers then left.

He claims they later returned with "6 outside police investigators." He claims he remained "ready to defend [him]self" from these officers. At that point, an unknown female said to the others that Mr. LaCroix was "showing serious signs of abuse." Lieutenant Woolford then "smirked" at him. Captain Dustin (first name unknown) arrived and convinced him that he would not be assaulted, at which point he "surrender[ed]" and was taken to his new cell. He believes that his rights were violated because "no investigation" was done "into the signs that the Plaintiff showed," as noted by the unidentified female. He claims to have suffered emotional injuries as a result of this incident, including stress and anxiety. He seeks $2 million in damages and other relief.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or

malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

He has not alleged a plausible excessive force claim. As he describes this incident, the officers were faced with an inmate who was refusing to cooperate as they attempted to move him to a different cell.[1] "Inmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984). The officers could have used some level of force to gain his compliance, but they did not. *See Hendrickson*, 589 F.3d at 890. One of them threatened to "shoot" him to get him to comply, apparently with a stun gun or similar weapon, but did not actually do so. He has not plausibly alleged that any officer used force against him maliciously and sadistically. *Id.* Nor can he bring an action for emotional distress damages without some physical injury. 42 U.S.C.A. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Likewise, the fact that one of the officers "smirked" at him during this incident does not give rise to a claim for cruel and unusual punishment. *See Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Additionally, the failure of prison staff to conduct an investigation, which he appears to believe was warranted under prison policies, is not actionable under 42 U.S.C. § 1983. *Scott v.*

---

[1] The court finds his allegation that multiple "police investigators" were involved in moving him in the vein of "fantastical." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The court presumes for purposes of this opinion that these officers were employed by the Indiana Department of Correction in some capacity.

*Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. LaCroix has already amended his complaint once, and the court finds no basis to conclude that if given another opportunity he could assert a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury.

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED.

September 11, 2023                                  s/ *Damon R. Leichty*
                                                   Judge, United States District Court